CRAIG *v.* BROWN.

1. LOGS AND LOGGING—ASSIGNMENT OF CLAIMS—STATUTES—LOG LIEN.

The combination of claims of lienors against timber products, under 3 Comp. Laws, § 10762, is not an assignment but the appointment of an agent to act for all the claimants, and need not be in writing.

2. SAME—JUSTICES OF THE PEACE.

Justices of the peace have jurisdiction of such combined claims, under section 10764, 3 Comp. Laws.

3. SAME—INFANTS—NEXT FRIEND.

Infants appointing such agent or representative to enforce their claims with others, need not secure the appointment of a next friend; as the infants are not parties plaintiff. 1 Comp. Laws, § 756.

4. SAME—EVIDENCE—MEMORANDUM.

Testimony of a witness who refreshed his recollection from a ledger, which he proved as correct, was not erroneously received.

Error to Chippewa; Steere, J.   Submitted January 23, 1912.   (Docket No. 148.)   Decided July 11, 1912.

Attachment in justice's court by Stephen Craig, Eugene Paul, Samuel La Plant, and John McRae against Eugene Brown, principal defendant, and Millard D. Olds, intervener, to enforce labor claims against timber products. From a judgment for plaintiffs said Olds appealed to the circuit court.   Judgment for plaintiffs; intervener, Olds, brings error.   Affirmed.

*C. S. Reilley*, for appellant.

*John A. McMahon* and *L. C. Holden*, for appellees.

McALVAY, J.   By stipulation, this is a combination of four cases heard and determined at the same time, each brought by one of the plaintiffs above named, representing himself and others who had united their claims of lien for labor with plaintiff's claim and designated plaintiff in each case as their agent and attorney for prosecuting such liens.   Defendant Eugene Brown was a contractor engaged in lumbering certain forest products owned by Millard D. Olds, appellant, and the cases are brought by the plaintiffs in behalf of themselves and as representatives of others, all of whom performed labor for the principal defendant in lumbering certain forest products, and these suits were brought both in their own behalf and for those they represented to enforce their liens for such labor upon such forest products.

The cases were brought in justice's court, where the intervener (Olds) appeared specially and moved to dismiss them on the ground that the affidavit for lien showed a combination of claims not authorized by the statute. This motion was overruled, and defendant Olds by special and general appeal brought the cases to the circuit court.   In the circuit court the same motion was made to dismiss each of the cases on the ground that, under the log-lien law, there was no authority authorizing the assignment or combination of claims in suits commenced in justice's

171 MICH.—17.

court, and, the lien being a personal right, the assignment destroyed the lien. The court held that the suits were properly brought, and denied the motion.

Upon the trial, the introduction of the statements of lien in each case was objected to practically upon the same ground, and the objection was overruled. Over the objection of appellant, permission was granted by the court to amend the declarations, showing the combination of claims and designation of plaintiffs as agents for those they represented to prosecute the suits. Exceptions were duly taken. The authority referred to, given by these groups of workmen to the persons named as plaintiffs, and their designations to represent and act for them, was verbal. It appears from the record that two of these workmen in one case were minors, and no next friend had been appointed. The cases were tried together before the court without a jury, and written findings were requested, and exceptions were duly taken.

The following are the findings of the court, which, being brief, are given in full:

### "FINDINGS OF FACT.

" In this proceeding four separate cases, under the log-lien law, are combined and heard together by stipulation, the testimony taken during the trial to be considered in each case as it might be applicable.

" Defendant Eugene Brown was a contractor engaged in getting out forest products for the intervening log owner, Millard D. Olds. The plaintiffs, together with various others who had assigned their accounts to them and designated them to act as agents in the enforcement of their liens, worked in defendant Brown's camp upon certain forest products gotten out for the intervening log owner, Olds.

" The designation of the plaintiffs by certain parties whom they represent was made orally in the presence of witnesses.

" In the suit of Samuel La Plant against defendants, two of the parties plaintiff represents, to wit, William La Plant and Joseph Kroll, were infants, who, according to the testimony, were earning their own living and had

been manumitted by their parents. It appears undisputed that each of the parties claiming a lien in this suit worked upon the forest products involved within 30 days before the lien was filed.

"According to the testimony, the amounts due to the plaintiffs herein and the parties they represent, for services rendered on the forest products mentioned, are found to be as follows: Eugene Paul, $287.49; Stephen Craig, $291.56; Samuel La Plant, $25.10; John McRae, $267.85.

"All files, records, and exhibits in these cases are hereby made a part of these findings.

### "CONCLUSIONS OF LAW.

"The statute providing that two or more persons having claims for labor on forest products for less than $100 may unite their claims and institute suit applies to justice court proceedings to perfect liens as well as to circuit court proceedings.

"In behalf of defendant Olds, intervening log owner, it is contended that no judgment can be rendered in favor of the parties claimed to have assigned their accounts to the plaintiffs, for the reason that it is the intention of the statute that such designation should be in writing, whereas the designations in these cases were made orally. It is also contended that no judgment could be rendered in favor of the minors William La Plant and Joseph Kroll, because no next friend was appointed to represent them.

"While the statute does not expressly provide that the united claims shall be assigned to the parties designated to act as agent in enforcing liens, it becomes in effect, by operation of law, an assignment. It is a well-settled principle that a chose in action can be assigned orally. The statute in this case does not require any particular method of assigning. It has been held that an assignment of claims for labor against a company which employs them need not be in writing, and that an oral assignment of a chattel mortgage, and of the debt secured thereby, though not otherwise evidenced, when accompanied by a delivery of the mortgage, passes the mortgage and the claim to the assignee, who may enforce the same in his own name.

"Inasmuch as the legislature, in passing this act, did not particularly specify that the assignment of the claims, or the designation of the parties to act as agents to en-

force the lien, should be in writing, we see no reason why the general principles of law which apply in such cases should not maintain here. It being clearly and satisfactorily shown in these cases that there were specific oral designations of these claims, and appointments made to the plaintiffs to act as agents in the enforcement of the liens, in the opinion of the court such oral designations and appointments are sufficient.

"As to the minors whose claims are contested, the statute does not, as applied to these proceedings, authorize the appointment of a next friend. The statutory recognition of an infant's incapability to make a contract is for the infant's protection, and cannot be pleaded by a stranger to protect himself. An infant's contract is not void, but merely voidable, and is valid as to third parties who are strangers to it, and do not claim under either party. Neither these minors nor their parents who had manumitted them could repudiate their action in designating plaintiff to collect the wages which they had earned and to which they were entitled.

" In the opinion of the court it is not necessary, in proceedings of this kind, brought to collect the wages of minors, for a next friend to be appointed where the minors have been manumitted.

" Judgment will be rendered in these cases in favor of the plaintiffs for the amounts heretofore stated, declaring in that connection that plaintiffs have a lien upon the forest products mentioned for such amounts."

Defendant Olds, the intervening log owner, has removed these cases to this court by writ of error, and has assigned errors upon the said conclusions of law.

The claim is made by appellant that the appointments and designations of plaintiffs in these cases as agents of the individual claimants, with the right to prosecute the liens for their common benefit, are invalid because made verbally. The statute under which said proceedings are instituted, and which makes provision for combining claims, contains no requirement that such authority given must be written. An examination of this statute shows that these are in fact not assignments. It provides:

" It shall be lawful for two or more persons claiming such lien to unite their claims, either before or after filing

statement of liens, and designate one of their number their agent or attorney for prosecuting such lien, or any suit necessary to enforce the same, and claims, when thus united, shall be received and be treated as one lien, and suit or attachment may be brought as for one claim and concluded as one cause or suit, and the person so designated as such agent or attorney shall be named in such suit or attachment as plaintiff." Section 10762, 3 Comp. Laws.

In our opinion there was no intent on the part of the legislature to provide for the assignment of claims in cases of this kind. The party designated is the agent and attorney with the power and authority conferred by the statute, and such designation need not be in writing. The court was not in error in so holding.

Counsel in the case give most consideration in their brief to the error assigned upon the holding of the court that the provision of the statute authorizing two or more persons having claims for labor on forest products for less than $100 to combine their claims and institute suit applies to cases brought in justice's court. The consideration of this contention requires an examination and construction of this statute, known as the log-lien law. The argument is that there are no specific words in section 10764, 3 Comp. Laws, which give jurisdiction to justices of the peace over these lien cases authorizing such combination, and that such authority is contained only in section 10762, 3 Comp. Laws, as quoted, *supra*. These provisions relative to the jurisdiction of both circuit and justice's courts were in this statute as originally enacted. The section referred to, *supra*, giving jurisdiction to justices of the peace in these cases, reads:

" Justices of the peace within their respective counties shall have cognizance and jurisdiction of all cases arising under this act when the amount claimed, over and above all legal setoffs, does not exceed three hundred dollars, and any person and persons having such lien shall be entitled to proceed by attachment in justices' courts against the property on which he, she or they may have such lien for the enforcement of the same."

We agree with the trial judge:

"That the provision of the statute on this subject is not limited to the one purpose of allowing suits to be brought in the circuit court, * * * but that it is more comprehensive and, as our Supreme Court has said, is for the purpose of avoiding multiplicity of suits, condensing proceedings, and avoiding costs, as well as for the purpose of allowing people to get into the circuit court with their claims."

The legislature intended this act to be considered as a whole, and no conflict arises between these sections if a construction is given which allows the provisions of an earlier section to be applied to a later.

In one of the instant cases it appears that the total claims allowed plaintiff amounted to $25.10, which was divided among the claimants as follows: $14.55, $5.72, $2.67, and $2.16, showing that the construction given is both reasonable and practical.

It is also claimed that a next friend should have been appointed to represent two of the infant claimants. We do not think that statute (section 756, 1 Comp. Laws) applies, as " no process has been issued, suit brought, or issue joined " in the name of the infant. It may also be said that the selection of the plaintiff by these infants was, as far as they were personally concerned, the designation of a next friend, and all that would have been required to remove appellant's objection was the formal approval of the court of such selection, which could have been done at any time during the proceedings, had it been necessary.

It is also claimed that the court erred in admitting the testimony of one witness because he used a certain ledger and testified therefrom as to the amounts due to claimants individually. By the ruling of the court after objection made, the witness was allowed to use the book only to refresh his recollection. He also testified that he knew the account was correct of his own knowledge.

Another claim is made that there was no evidence in the case as to when the last day's work was performed.

This claim is not sustained by the record.    There is positive testimony upon the proposition to the contrary.    We find no error in the case.    The judgment of the circuit court is affirmed.

MOORE, C. J., and BROOKE, STONE, and OSTRANDER, JJ., concurred.    STEERE, BLAIR, and BIRD, JJ., did not sit.